Opinion after re-hearing.

Judge Buckner,
delivered the opinion of the court.
That an executor or administrator may, under particular circumstances, pay with his own money,debts due from the estate of his testator or intestate, and elect to take a specific chattel, as a compensation; and that if the debts so paid, be equal to the value of the chattel taken, he may, by such payment and election, make it his own, is true, and has not been controverted in the opinion delivered, indeed, it has been admitted. In Toller’s law of Executors, p. 238, it is said, he may do so, if the testator died indebted to him, or if the executor has not ready money of his testator, or for any other good reason. But, surely, it cannot be reasonably insisted, that the election only to take the chattel, without payment of its value, can make it his own. But it has been contended in this case, that the jury had a right to infer, under all the circumstances of the case, and especially from the settlement by the administrators, with the county court, that the appellee had paid the debts of his intestate, toan amonnt equal to the value of the slave, previous to the reception by the sheriff of the execution; even if the jury had a right to regard the testimony concerning the execution and levy made under it; which is denied by the counsel of the appel-lee. That it would have been prudent for the appel-lee to have omitted to prove any thing about the execution, is clear; but having introduced it himself, by permitting his own witness, without objection, to show its existence, and having made no motion to instruct the jury to disregard it, we cannot perceive the ground upon which he can now insist, that it should have been disregarded.
The execution and official returnon it,would have been, it is admitted, the best evidence; but inferior evidence, if not objected to, was sufficient.
Upon the other point, it is true, that the co-administrator, who was examined as a witness, said, that no debts due to the estate, had been collected, when.the *388 agreement referred to, between himself and brother, was made; but it cannot be inferred from that, the appellee had paid debts of their intestate, equal to the value of the slave, previous to the time, that the sherift swore the execution had come to his hands; nor does the settlement with the county court, establish the fact, if indeed it be true, that he did make such payments. The officer made the levy on the 19th of July, 1828, under the execution, which was dated on the 9th of that month; when the settlement was made, did not appear, but the commissioners returned their report without date, which was received by the county court, at the August term, 1828. By that settlement, it appears, that of the debts due by the intestate of the appellee, $326 87i had been paid previous to July, 1828. When the other amounts alleged to have been due by him at his death, were paid, cannot be ascertained from the settlement, nor did the appellant introduce any proof to supply the deficiency. The jury, therefore, had no right to infer that they were paid previous to the time that the sheriff received the execution, and the sales of the property of the appellee’s intestate, excluding the slave levied on and a colt said to be worth $25, amounted to $424 2 1-4, every cent of which may have been collected by the appellee, before the sheriff made the levy. We do not, therefore, perceive any reason for changing the opinion delivered in this case; wherefore,it must remain unaltered.